Peggy Hunt (Utah State Bar No. 6060)
Nathan S. Seim (Utah State Bar No. 12654)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
          seim.nathan@dorsey.com

*Attorneys for D. Ray Strong, Chapter 11 Trustee for Castle Arch Real Estate*
*Investment Company, LLC and Substantively Consolidated Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case Nos. 11-35082, 11-35237, 11-35243, 11-35242 and 11-35246 (Substantively Consolidated) |
| CASTLE ARCH REAL ESTATE INVESTMENT COMPANY, LLC; CAOP MANAGERS, LLC; CASTLE ARCH KINGMAN, LLC; CASTLE ARCH SECURED DEVELOPMENT FUND, LLC; CASTLE ARCH SMYRNA, LLC; CASTLE ARCH STAR VALLEY, LLC; *and* | Case Nos. 11-35241 and 11-35240 (Jointly Administered) (Chapter 11) The Honorable Joel T. Marker |
| CASTLE ARCH OPPORTUNITY PARTNERS I, LLC; CASTLE ARCH OPPORTUNITY PARTNERS II, LLC, | ☐ Affects All Debtors ☒ Affects Only the Substantively Consolidated Debtors ☒ Affects only Castle Arch Opportunity Partners I, LLC ☐ Affects only Castle Arch Opportunity Partners II, LLC |
| Debtors. | |

## OBJECTION TO PROOF OF CLAIM NO. 42-1, FILED BY BROADWAY COPY AGAINST CASTLE ARCH REAL ESTATE INVESTMENT COMPANY, LLC

Pursuant to 11 U.S.C. §§ 501 and 502, Federal Rules of Bankruptcy Procedure 3001and

3007, and Local Rule 3007-1, D. Ray Strong, the duly appointed Chapter 11 Trustee for the

consolidated bankruptcy estates of Castle Arch Real Estate Investment Company, LLC

("CAREIC"), CAOP Managers, LLC, Castle Arch Kingman, LLC, Castle Arch Smyrna, LLC,

Castle Arch Secured Development Fund, LLC and Castle Arch Star Valley, LLC (collectively,

the "Legacy Debtors"), and in that capacity as Manager for Castle Arch Opportunity Partners I,

LLC ("CAOP I") and Castle Arch Opportunity Partners II, LLC (collectively with CAOP I and

the Legacy Debtors, the "Debtors"), by and through his undersigned counsel, hereby objects to

(1) Proof of Claim No. 42, filed against CAREIC by Broadway Copy ("Broadway"), a copy of

which is attached hereto as **Exhibit A** (the "POC"); and (2) any claim that Broadway may have

against CAOP I as a result of Broadway being listed as having an allowed claim on CAOP I's

Schedules.  For the reasons set forth below, Broadway should not be entitled to a claim against

any of the Debtors because Broadway's claim is based on services performed for REO Value

Opportunity Partners—a non-debtor entity.  In support hereof, the Trustee states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### General

4.      On October 17, 2011, CAREIC filed a petition seeking relief under Chapter 11 of

the Bankruptcy Code.

5.      On October 20, 2011, each of the other Debtors, other than Castle Arch Star

Valley, LLC, also filed petitions seeking relief under Chapter 11 of the Bankruptcy Code.

2

6.      On May 3, 2012, the Court entered an Order appointing the Trustee as the Chapter

11 Trustee for CAREIC.

7.      On February 8, 2013, the Court entered an Order substantively consolidating the

Legacy Debtors [Docket No. 590].

8.      On June 7, 2013, the Court entered an Order confirming the *Second Amended*

*Chapter 11 Trustee's Plan of Liquidation Dated February 25, 2013* [Docket No. 701] (the

"Plan").

### *The Debtors' Schedules and Broadway's Proof of Claim*

9.      On December 23, 2011, Broadway filed the POC, designated as Claim No. 42 on

CAREIC's claims docket, asserting an unsecured claim against CAREIC in the amount of

$5,763.75.[1]

10.     The invoice attached to the POC shows that Broadway's claim is based on

printing and binding services for an entity known as REO Value Opportunity Partners—a non-

debtor entity organized in the State of Nevada.[2]

11.     The POC also shows that on or about March 11, 2010, CAOP I made a payment

on account of the outstanding invoice in the amount of $700.00.[3]  Indeed, the POC states that

$700.00 has been credited on account of Broadway's claim.[4]

12.     CAREIC's Schedules do not list Broadway as having a claim against it.[5]

---

[1] As filed, Broadway's claim would constitute a Class A4 Allowed General Unsecured Claim against the Legacy
Debtors under the terms of the Plan.

[2] *See* Exh. A (POC) at p. 2.

[3] *Id.* at p. 3.

[4] *Id.* at p. 1.

[5] *See generally* Docket No. 29.

13.     CAOP I's Schedules list Broadway as having an unsecured, undisputed, and non-contingent claim against it in the amount of $5,063.75.[6]

## OBJECTION

By this Objection, the Trustee requests the Court to enter an Order (1) disallowing the POC in its entirety; and (2) disallowing any claim that Broadway may have on account of its being listed on CAOP I's Schedules.  To the extent the Court does not disallow any claim of Broadway in its entirety, the Court should reduce the amount of Broadway's claim by $700.00 as a claim against CAOP I.

## A.     APPLICABLE LAW

Federal Rule of Bankruptcy Procedure 3003 states: "The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent or unliquidated."[7] Additionally, Section 501(a) of the Bankruptcy Code states that a "creditor . . . may file a proof of claim."[8]  Federal Rule of Bankruptcy Procedure 3001 states that a proof of claim "shall conform substantially to the appropriate Official Form"[9] and that a "proof of claim shall be executed by the creditor or the creditor's authorized agent. . . ."[10]  A proof of claim executed and filed in accordance with the Federal Rules constitutes "prima facie evidence of the validity and amount of the claim."[11]

---

[6] *See* Case No. 11-35240 [Docket No. 16] at pp. 6, 17.

[7] Fed. R. Bankr. P. 3003(b)(1).

[8] 11 U.S.C. § 501(a).

[9] Fed. R. Bankr. P. 3001(a).

[10] *Id.* Rule. 3001(b).

[11] *Id.* Rule 3001(f).

The Bankruptcy Code further provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."[12] Section 502(b) further states that except for certain exceptions not relevant here, once an objection to a claim is made, "the court, after notice and a hearing, shall determine the amount of the claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—(1) *such claim is unenforceable against the debtor and property of the debtor. . . .*"[13]  Generally, procedures related to objections to claims are governed by Federal Rule of Bankruptcy Procedure 3007.

The Court of Appeals for the Tenth Circuit has stated that creditors have the burden of proof regarding the allowance of their claims, and to meet this burden, the claim must be sufficiently substantiated.[14]  Accordingly, claimants are required, to the extent applicable, to "attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements."[15]  Only when a proof of claim is executed and filed in accordance with the above requirements is the claim considered prima facie evidence of a valid claim against the debtor under § 502(a) and Bankruptcy Rule 3001(f).[16]

---

[12] 11 U.S.C. § 502(a).

[13] *Id.* § 502(b) (emphasis added).

[14] *See Caplan v. B-Line, LLC (In re Kirkland)*, 572 F.3d 838, 840 (10th Cir. 2009).

[15] *Id.* (quoting Official Form 10).

[16] *See id.*

**B.**    **BROADWAY'S POC SHOULD BE DISALLOWED IN ITS ENTIRETYAS THE BASIS OF ITS CLAIM PERTAINS TO A NON-DEBTOR ENTITY**

As set forth above, the invoice attached to the POC clearly shows that Broadway's claim is based on printing and binding services performed on behalf of REO Value Opportunity Partners—a non-debtor entity.  Accordingly, such claim is unenforceable against CAREIC, CAOP I, or any other Debtors and should not be paid from any of the Debtors' estates.

To the extent the Court does not disallow Broadway's claim in its entirety, the Court should reduce the amount of Broadway's claim by $700.00 to account for a payment previously made by CAOP I relating to the outstanding invoice, and it should redesignate any claim filed against CAREIC as a claim against CAOP I.  Indeed, the POC references Broadway's receipt of a $700.00 payment on account of the invoice.[17]  Accordingly, at a minimum, any claim of Broadway should be reduced by $700.00.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests the Court to enter an Order (1) disallowing the POC in its entirety; and (2) disallowing any claim that Broadway may have on account of its being listed on CAOP I's Schedules as having an allowed claim.  To the extent the Court does not disallow any claim of Broadway in its entirety, the Court should reduce the amount of Broadway's claim by $700.00 as a claim against CAOP I.

DATED this 30th day of July, 2013.

**DORSEY & WHITNEY LLP**

 */s/ Peggy Hunt*
Peggy Hunt
Nathan S. Seim
*Attorneys for Chapter 11 Trustee*

---

[17] *See* Exh. A (POC) at pp. 1, 3.

# EXHIBIT A

B10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT District of Utah | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Castle Arch Real Estate Investment Company, LLC | Case Number:    11-35082 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: <br> *Broadway Copy* <br> *c/o OC Printing Services* <br> *Attn: Frank Moran* <br> *1652 S. Minnie St.* <br> *Santa Ana, CA. 92707* <br><br> **Strike any pre-printed text if incorrect AND type or print correct information** <br><br> Telephone number: | Court Claim Number:_____ <br> *(If known)* <br><br> Filed on:_____ <br><br> ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br> ☐ Check this box if you are the debtor or trustee in this case |
| Name and address where payment should be sent (if different from above): <br><br> Telephone number: *714-716-7923* | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| 1. Amount of Claim as of Date Case Filed:        $ *5763.75* | Specify the priority of the claim. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| If all or part of your claim is entitled to priority, complete item 5. | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | |
| 2. Basis for Claim: *Printing* <br> (See instruction #2 on reverse side.) | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5). |
| 3. Last four digits of any number by which creditor identifies debtor: _____ | ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). |
| 3a. Debtor may have scheduled account as: _____ <br> (See instruction #3a on reverse side.) | |
| 4. Secured Claim (See instruction #4 on reverse side.) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other <br> Describe: <br><br> Value of Property: $_____ Annual Interest Rate____% <br><br> Amount of arrearage and other charges as of time case filed included in secured claim, <br> if any: $_____ Basis for perfection: _____ <br><br> Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). <br><br> ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__). <br><br> Amount entitled to priority: <br><br> $_____ <br><br> *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. *$700.00* <br><br> 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*) <br><br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. <br><br> If the documents are not available, please explain: | **FOR COURT USE ONLY** <br><br> **Please mail this claim form to:** <br><br> **U.S. Bankruptcy Court** <br> **350 South Main St., Rm. 301** <br> **Salt Lake City, Utah 84101** |
| Date: *3/27/12* | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Franci Moran/Frank Moran/owner -Broadway Copy* | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



Broadway Copy

2401 S. Broadway
Santa Ana, CA 92707

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/15/2010 | 215 |

| Bill To | Ship To |
|---------|---------|
| Castle Arch Real Estate<br>1284 Flint Meadow Dr, Ste B<br>Kaysville, Utah  84037 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| REO Value OP | Due on receipt | | 1/15/2010 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| | | REO Value Opportunity Partners | | |
| 100 | Color Copies | REO Value OP PPT    28 pages  Acetate front/Black Vinyl back/Coil Bound | 5.50 | 550.00T |
| 500 | Color Copies | CA RIA Investment Summary    100 lb Gloss book saddle-stitched  12 pg booklet | 2.40 | 1,200.00T |
| 500 | Color Copies | Fact Sheet  2 pages  4/4  10 pt. | 0.50 | 250.00T |
| 300 | copies | REO Value OP PPM    122 pages( 30 color) cover 10 pt Perfect Bound | 11.00 | 3,300.00T |
| | | Sales Tax | 8.75% | 463.75 |

Thank you for your business.

| Total | $5,763.75 |
|-------|-----------|

## CASTLE ARCH OPPORTUNITY PARTNERS I, LLC

0136

Broadway Copy

3/11/2010

| Date | Type | Reference | | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|--|---------------|-------------|----------|---------|
| 1/15/2010 | Bill | 215 | | 5,763.75 | 5,763.75 | | 700.00 |
| | | | | | | Check Amount | 700.00 |

Partial payment on invoice 215.

Chase Bank Checking   Invocie 215                                               700.00

## <u>CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)</u>

I hereby certify that on July 30, 2013, I electronically filed the foregoing **OBJECTION TO PROOF OF CLAIM NO. 42-1, FILED BY BROADWAY COPY AGAINST CASTLE ARCH REAL ESTATE INVESTMENT COMPANY, LLC** (the "<u>Objection</u>") with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

- Gregory J. Adams gadams@mbt-law.com
- Adam S. Affleck asa@pyglaw.com, debbie@princeyeates.com;docket@princeyeates.com
- Troy J. Aramburu taramburu@swlaw.com, jpollard@swlaw.com;docket_slc@swlaw.com
- Jeffrey M Armington armington.jeff@dorsey.com
- Julie A. Bryan julie@crslaw.com, diana@crslaw.com;josh@crslaw.com
- Mona Lyman Burton mburton@hollandhart.com, ckelly@hollandhart.com;intaketeam@hollandhart.com;slclitdocket@hollandhart.com
- Leonard J. Carson len@pearsonbutler.com, madisyn@pearsonbutler.com;kylie@pearsonbutler.com;maryann@pearsonbutler.com;geoff@pearsonbutler.com
- Andrew B. Clawson andrew@abclawutah.com, len@pearsonbutler.com;maryann@pearsonbutler.com;kylie@pearsonbutler.com;madisyn@pearsonbutler.com
- Victor P Copeland vpc@pkhlawyers.com, dh@pkhlawyers.com
- T. Edward Cundick tec@princeyeates.com, nancyw@princeyeates.com;docket@princeyeates.com
- Anna W. Drake annadrake@att.net
- David R. Hague dhague@fabianlaw.com, dromero@fabianlaw.com
- George B. Hofmann gbh@pkhlawyers.com, dh@pkhlawyers.com
- Mary Margaret Hunt hunt.peggy@dorsey.com, long.candy@dorsey.com;smith.ron@dorsey.com;slc.lit@dorsey.com
- Lon A. Jenkins lajenkins@joneswaldo.com, ecf@joneswaldo.com;hdoherty@joneswaldo.com;rpavlisin@joneswaldo.com
- Penrod W. Keith pkeith@djplaw.com, khughes@djplaw.com
- Michael L. Labertew michael@labertewlaw.com
- Christopher J Martinez martinez.chris@dorsey.com, stauffer.erin@dorsey.com
- Adelaide Maudsley maudsley@chapman.com, jemery@chapman.com
- John T. Morgan tr john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Oliver K. Myers myersok@msn.com
- Knute A. Rife KARife@RifeLegal.com
- Nathan Seim seim.nathan@dorsey.com

- Jeremy C. Sink jeremy@mbt-law.com
- Jeremy C. Sink jeremy@mbt-law.com
- James A Sorenson jsorenson@rqn.com, tpahl@rqn.com;docket@rqn.com
- D. Ray Strong tr rstrong@brg-expert.com
- Marca Tanner marca.tanner@gmail.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov
- Kim R. Wilson bankruptcy_krw@scmlaw.com
- Brock N. Worthen bworthen@swlaw.com

I further certify that on July 30, 2013, the Objection was mailed via U.S. First Class Mail,

postage prepaid, to the following:

Broadway Copy
c/o OC Printing Services
Attn: Frank Moran
1652 South Minnie Street
Santa Ana, CA 92707

Frank Moran
3202 Delaware Place
Costa Mesa, CA 92626

*/s/ Nathan S. Seim*